**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

BRANDON JAMES HILBOURN,       :
                                   :

        Plaintiff,              :

v.                                  :       Case No. 5:26-cv-10-MTT-ALS

                                   :

JOHN AND OR JANE DOES, *et al.*,    :

        Defendants.       :

                                   :

**ORDER**

Plaintiff Brandon James Hilbourn, a prisoner at Wilcox State Prison in Abbeville, Georgia filed a *pro se* 42 U.S.C. § 1983 complaint and moved to proceed *in forma pauperis* ("IFP"). (Docs. 1, 2). Both his complaint and motion to proceed IFP are deficient. Should he wish to proceed with this action, Plaintiff must file a recast complaint that complies with the instructions shown below and file a certified copy of his trust fund account statement as explained below.

Plaintiff's complaint is difficult to comprehend. Plaintiff must write legibly in his recast complaint. If the Court is unable to read Plaintiff's recast complaint, it will be forced to dismiss the action. While unclear, it seems Plaintiff may be attempting to raise claims related to his arrest and prosecution. (Doc. 1). In his recast complaint, Plaintiff must provide the name or names of the person or persons he seeks to sue. "Do. Co. Detectives and Police Dept." are not properly named defendants. *Id.* at 1. Police Departments are not legal entities that can be sued under 42 U.S.C. § 1983. *See Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992) (citations omitted) (recognizing that "[s]heriff's departments and police departments are not usually considered legal entities subject to suit"). If Plaintiff wants to sue detectives, he must provide the name of the detectives.

1

*Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010) (quoting *Dean*, 951 F.2d at 1215-16) (providing that "fictitious-party pleading is not permitted in federal court" unless "the plaintiff's description of the defendant is so specific" it would allow the defendant to be identified and served).

Finally, Plaintiff is advised that he cannot attack his conviction in a 42 U.S.C. § 1983 action. If Plaintiff questions the constitutionality of his conviction or sentence, he must do so in a 28 U.S.C. § 2254 petition as opposed to a civil rights complaint brought under 42 U.S.C. § 1983.

Because Plaintiff is proceeding pro se, the Court will give him **ONE** opportunity to file a recast complaint. The recast complaint is limited to **ten (10) pages**. Plaintiff must list each defendant (by name) in the heading of the complaint and in the statement of claim section, list each defendant again and tell the Court exactly how and when each defendant violated Plaintiff's federal or constitutional statutory rights. If Plaintiff fails to link a claim to a defendant, that claim will be dismissed.

Under Federal Rule of Civil Procedure 18(a), a plaintiff may generally bring as many claims as he has against a single defendant. But under Federal Rule of Civil Procedure 20(a), he may join multiple defendants in a single action only if two requirements are met: "First, all claims against parties joined as defendants must regard or arise out of 'the same transaction or occurrence, or series of transactions or occurrences[,]' [**and**] [s]econd, there must be some question of law or fact common to all defendants that will arise in the action." *Smith v. Trans-Siberian Orchestra*, 728 F. Supp. 2d 1315, 1319 (M.D. Fla. 2010) (quoting *Alexander v. Fulton Cnty.*, 207 F.3d 1303, 1303 (11th Cir. 2000)). To determine if the first requirement is met, courts "[i]n the Eleventh Circuit . . . apply the logical relationship test." *Id.* (citing *Republic Health Corp. v. Lifemark Hosps. of Fla., Inc.*, 755 F.2d 1453, 1455 (11th Cir. 1985)). "Under this test, a logical relationship exists

2

if the claims rest on the same set of facts or the facts, on which one claim rests, activate additional legal rights supporting the other claim." *Id.* (citing *Republic Health Corp.*, 755 F.2d at 1455).

It is unclear from a review of Plaintiff's original complaint if he exhausted his claims before filing his complaint. Thus, the Court also warns Plaintiff that administrative remedies must be exhausted before he files a 42 U.S.C. § 1983 action. If he has not exhausted available administrative remedies before he files his lawsuit, the action is subject to dismissal. Plaintiff must complete the 42 U.S.C. § 1983 form in full, including the information regarding exhaustion at both the initial grievance level and on appeal to the highest level possible in the prison system.

The recast complaint will take the place of and supersede Plaintiff's original complaint. This means that the Court will not refer to the original complaint or attachments to determine if Plaintiff has stated a claim upon which relief may be granted.

Finally, Plaintiff must supplement his motion to proceed IFP. He must submit (1) an affidavit in support of his claim of indigence and (2) "a certified copy of [his] trust fund account statement (or institutional equivalent) . . . for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(1)-(2). Plaintiff should be aware that he will owe the full filing fee even if the Court grants his motion to proceed IFP and the filing fee will be deducted from Plaintiff's trust fund account in accordance with the Prison Litigation Reform Act.

In conclusion, if he wishes to proceed with this action, Plaintiff is **ORDERED** to file his complaint on the enclosed 42 U.S.C. § 1983 form within **FOURTEEN (14) DAYS** from the date shown on this Order in accordance with the instructions in this Order. Plaintiff must also submit an affidavit in support of his claim of indigence along with a certified copy of his trust fund account statement for the previous six months preceding the filing of the complaint. Plaintiff must keep the Court informed of any address change. If Plaintiff fails to do so, or fails to follow the instructions

3

in this Order, his action will likely be dismissed. The Clerk is **DIRECTED** that forward to Plaintiff a standard §1983 form and IFP forms with the civil action number on them along with a copy of this Order. There shall be no service of process until further order of the Court.

      **SO ORDERED**, this 9th day of March, 2026.

s/ **ALFREDA L. SHEPPARD**
UNITED STATES MAGISTRATE JUDGE

4